NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 1 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SIONI JOHANA RODRIGUEZ-
MARTINEZ,

               Petitioner,

   v.

MERRICK B. GARLAND, Attorney
General,

               Respondent.

No. 22-26

Agency No. A087-736-061

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 14, 2023[**]
Pasadena, California

Before: PARKER,[***] BYBEE, and DESAI, Circuit Judges.

Petitioner Sioni Johana Rodriguez-Martinez ("Rodriguez-Martinez"), a

native and citizen of Honduras, seeks review of a December 6, 2021 Board of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

Immigration Appeals ("BIA") decision affirming the denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Rodriguez-Martinez's claims are largely based on a fear of persecution due to her family's association with the National Party in Honduras and their perceived or actual opposition to then-President and Liberal Party leader Manuel Zelaya in 2009. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

On appeal, we review the decisions of both the immigration judge ("IJ") and the BIA. *Cordoba v. Barr*, 962 F.3d 479, 481 (9th Cir. 2020). We review questions of law de novo and the agency's factual findings and adverse credibility determinations for substantial evidence. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022); *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010).[1] Denials of asylum, withholding of removal, and CAT relief are also reviewed for substantial evidence. *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1184 (9th Cir. 2016). We reverse these determinations only when the evidence not only supports a contrary conclusion, but compels it. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014).

---

[1] Unless otherwise noted, internal quotation marks, brackets, and citations are omitted.

The IJ made an adverse credibility determination, and the BIA affirmed. The agency pointed to inconsistences in Rodriguez-Martinez's testimony regarding when Liberal Party supporters left death threats at her grandmother's house. In her declaration, Rodriguez-Martinez mentions only one occasion in which she received a death threat, stating that after the November 2009 election, men on motorcycles with Liberal Party flags left flyers threatening to kill those who voted for the National Party. However, at the hearing, she testified she received a death threat in June 2009 and that the only time men on motorcycles with Liberal Party flags came near her grandmother's house was in June 2009. Yet, she also testified she received the death threat after the election in November 2009. Her explanation for the discrepancy was that she must have made a mistake and that it was painful to remember what she had experienced.[2] While this explanation is sympathetic, "an IJ may rely upon an inconsistency in a crucial date concerning the very event upon which [a petitioner] predicated his claim for asylum." *Rodriguez-Ramirez v. Garland*, 11 F.4th 1091, 1093 (9th Cir. 2021).

Further, Rodriguez-Martinez testified that the police refused to write a report about the June 2009 death threats because their typewriter was broken. However,

---

[2] In her brief, Rodriguez-Martinez argued that her testimony "clearly indicate[s] that threats occurred on multiple occasions." However, not only is this characterization conclusory, but it does not address the fact that her testimony contradicted the declaration and was internally inconsistent.

in her declaration, she stated the police refused to do so in November 2009. She also submitted a letter dated October 21, 2010—when she was already in the United States—from the Municipal Department of Justice of El Negrito, Yoro, stating she reported a death threat in June 2009. She could not plausibly explain how the Municipal Department could send such a letter more than a year later if they did not make a record of the complaint at the time it was made. These and other inconsistencies support the IJ's adverse credibility determination. *See Manes v. Sessions*, 875 F.3d 1261, 1264-65 (9th Cir. 2017).

Additionally, substantial evidence supports the IJ's alternative finding that even if her testimony were accepted, Rodriguez-Martinez did not meet the evidentiary burden necessary to establish her asylum, withholding of removal, and CAT claims. "To be eligible for asylum, a petitioner has the burden to demonstrate a likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)). For withholding of removal, an applicant must demonstrate "a clear probability of persecution because of a protected ground," which "requires objective evidence that it is more likely than not that the [noncitizen] will be subject to persecution upon deportation." *Garcia v. Wilkinson*, 988 F.3d 1136, 1146 (9th Cir. 2021).

4

*First*, the IJ's determination that the written death threats Rodriguez-Martinez allegedly received did not amount to past persecution, is supported by substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (noting credible death threats "constitute persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm").

*Second*, substantial evidence supports the IJ's determination that Rodriguez-Martinez does not face a well-founded fear of future persecution based on the two groups she claimed membership in: (1) women returning to Honduras with perceived wealth and (2) individuals with actual or imputed opinions opposing the Zelaya administration.[3] The IJ rejected the first proposed group, correctly noting that this Court rejected a similar proposed group for Mexicans. *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016). As for the second proposed group, the IJ found that it was unclear whether Rodriguez-Martinez or her family was perceived as having strong ties to the National Party. In fact, Rodriguez-Martinez testified she and her family were refused help because they were *not* on a National

---

[3] The IJ described this group as "individuals who are imputed [with a] political opinion regarding the Zelaya administration, or have an actual political opinion opposing the Zelaya administration." However, in the context of her briefing and the record, it is clear that Rodriguez-Martinez intended for the proposed group to be narrower and to specifically encompass individuals with actual or imputed opinions opposing the Zelaya administration.

5

Party political campaign list or otherwise sufficiently involved with the party in 2009. To show persecution on account of a political opinion, an applicant must demonstrate "that [s]he held (or that h[er] persecutors believed that [s]he held) a political opinion." *Rodriguez Tornes v. Garland*, 993 F.3d 743, 752 (9th Cir. 2021). Rodriguez-Martinez's own testimony is evidence that she would not be perceived as holding anti-Zelaya or pro-National Party beliefs and is inconsistent with her claim that she would be persecuted for holding such beliefs. *Id.*

*Third*, substantial evidence supports the IJ's conclusion that Rodriguez-Martinez did not qualify for CAT relief, which requires her to demonstrate that it is more likely than not she would be tortured if removed to Honduras. 8 C.F.R. § 208.16(c)(2). The IJ concluded that two instances of written death threats do not amount to past torture. That conclusion is consistent with this Court's holding that under the CAT, "torture . . . is reserved for extreme cruel and inhuman treatment that results in severe pain or suffering." *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706 (9th Cir. 2022). We do not find Rodriguez-Martinez's other CAT-related arguments persuasive. For these reasons, we conclude that the agency committed no error in denying CAT relief.

**PETITION DENIED.**

6